IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **DONNELL JOHNSON,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | NO. 3:23-cv-00460 |
| **CPL. F/N/U TAYLOR, et al.,** | ) ) | JUDGE CAMPBELL |
| **Defendants.** | ) ) | |

## MEMORANDUM OPINION AND ORDER

Donnell Johnson, a state inmate in the custody of the Davidson County Sheriff's Office (DCSO), has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 5.)

The case is before the Court for ruling on Plaintiff's IFP application and initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. APPLICATION TO PROCEED IFP

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 5) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Review for whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally

construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff filed this action under § 1983, which authorizes a federal suit against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983.

**B. Allegations and Claims**

Plaintiff sues Davidson County and a DCSO jail officer, Cpl. Taylor. He alleges that, during his booking into the jail on January 26, 2022, Taylor addressed him with abusive and derogatory language of a sexual nature after learning that he was "of the LGBTQ community," and then proceeded to use excessive force against him. (Doc. No. 1 at 1.) When Plaintiff threatened to file sexual harassment charges and "a PREA"[2] on Taylor, Taylor threated Plaintiff with retaliation. (*Id.* at 1–2.) Taylor then attempted to remove Plaintiff from the holding cell where the booking had taken place in order to escort him to segregation. During that process, Plaintiff was "slammed to the ground without reason" and subsequently "began kicking to interfer[e] with the process." (*Id.* at 2.) After this altercation, Plaintiff was returned to the holding cell on the orders of Sgt. Bryant, and "was later charged criminally with aggravated assault w/bodily fluids against Cpl. Taylor." (*Id.*) He also "later filed grievances" which were not sustained. (*Id.*) He seeks damages and other relief against Taylor and Davidson County. (*Id.*)

---

2     PREA is an acronym for the Prison Rape Elimination Act, 34 U.S.C. § 30301 *et seq.*

**C. Analysis**

The Complaint was mailed from DCSO and received for filing in this Court in early May, 2023. (*See* Doc. No. 1 at 1, 4.) Section 1983 actions filed in Tennessee are governed by the one-year state statute of limitations applicable to personal injury actions and actions under the federal civil rights laws, Tenn. Code Ann. § 28-3-104(a)(1). *See*, *e.g.*, *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021). Although the statute of limitations is an affirmative defense that typically does not result in a pre-answer dismissal, when "the allegations in the complaint affirmatively show that the claim is time-barred," it is appropriate to dismiss for failure to state a claim on that basis. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *see also Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (concluding "that the district court [on initial review under the PLRA] properly dismissed as frivolous Plaintiff's claims arising out of his incarceration at HCCF inasmuch as any such claim is barred by the applicable statute of limitations") (citing Tenn. Code Ann. § 28-3-104(a)). However, the Court must account for the tolling of the statute of limitations while the prisoner pursues administrative remedies as required under the PLRA. *Ali v. Simmons*, No. 21-1829, 2023 WL 4085758, at *3 (6th Cir. Apr. 4, 2023) (citing *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000)).

According to the Complaint, the harms alleged by Plaintiff were suffered on January 26, 2022 (Doc. No. 1 at 1), and he was "later charged criminally" for his role in the altercation that day with Cpl. Taylor. (*Id.* at 2.) The Court takes judicial notice of the online records of the Davidson County Criminal Court Clerk pertaining to Plaintiff's criminal history, https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=DONNELL%5EJOHNSON%5E03151993%5E449914 (last visited Nov. 1, 2023), which confirm that he is

4

currently facing charges of "Agg. Assault" and "HIV Exp." based on conduct that occurred on the "Offense Date" of January 27, 2022. The criminal charges against Plaintiff thus appear to have arisen from the same altercation as his claims of excessive force and other misconduct against Taylor.

Because Plaintiff's claim of excessive force may be raised as a defense against his aggravated assault prosecution, "the two are inextricably intertwined." *Cummings v. City of Akron*, 418 F.3d 676, 683 (6th Cir. 2005). At the least, the claimed excessive force is "related to rulings that will likely be made in a pending or anticipated criminal trial," and it is therefore "within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). Such a stay may have been unnecessary if the Complaint had affirmatively shown the time it took for Plaintiff to exhaust his administrative remedies, and therefore resolved the question of this action's timeliness. But the Complaint states that Plaintiff "later filed grievances [that] were unsustained" against Cpl. Taylor, and that he additionally questioned the policy at DCSO regarding "malice, hate, discrimination and such behavior" but was told that, "policy or not," DCSO officers "can do . . . whatever they feel is best." (Doc. No. 1 at 2.) In such circumstances, where "it is not clear when the period of exhaustion expired," a screening dismissal based on the statute of limitations is improper. *Brown*, 209 F.3d at 596–97. The Court will therefore stay Plaintiff's claims against Defendant Taylor until Plaintiff's criminal case has concluded, at which point Plaintiff may move the Court to reopen this case. If he is ultimately convicted, and if this action, once reopened, "would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] will require

5

dismissal; otherwise, the civil action will proceed, absent some other bar to suit," such as the statute of limitations. *Wallace*, 549 U.S. at 394.[3]

Plaintiff's claim against Davidson County, however, need not be stayed. He states that he "brings suit against Davidson County - Metro Gov't due to an existing policy that allows DCSO staff to discriminate against sexually gender people (sic) of LGBTQ and to allow them to use unnecessary force and for their failure to adequately train & supervise their staff and due to the custom & practices of illegal actions." (Doc. No. 1 at 2.) To proceed on a municipal liability theory, Plaintiff must specify "a policy or custom of the municipality [that] was the 'moving force' behind the deprivation of [his] rights." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 254–55 (6th Cir. 2010). But the position he takes in the Complaint is, in effect, that Cpl. Taylor's actions must have been motivated by a County policy or custom of tolerating, or of failing to train to avoid, such misconduct. This allegation is entirely conclusory. "A failure-to-train claim . . . requires a showing of 'prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (quoting *Miller*, 606 F.3d at 255). "Similarly, a custom-of-tolerance claim requires a showing that there was a pattern of inadequately investigating similar claims." *Id.* (citing cases). The Complaint does not contain any allegation of prior mistreatment similar to the kind experienced by Plaintiff at the jail,

---

[3] The Supreme Court held as follows in *Heck*:

> [I]in order to recover for damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486–87.

or a pattern of inadequate investigation when such mistreatment is claimed. Davidson County will therefore be dismissed from this action.

### III. CONCLUSION

As explained above, Plaintiff states nonfrivolous claims against Defendant Taylor that must be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007). The Complaint fails to state a claim upon which relief may be granted against Defendant Davidson County.

Accordingly, Defendant Davidson County is **DISMISSED** from this action.

The action against Defendant Taylor is **STAYED** pending the resolution of Plaintiff's criminal prosecution, and the Clerk is **DIRECTED** to administratively close this case until further Order.

Plaintiff is **ORDERED** to notify the Court in writing whether he seeks to reopen this matter within 30 days after the pending criminal proceeding (and any appeal therefrom) is resolved. In the meantime, Plaintiff **MUST** submit a status report advising the Court of the status of his criminal case six months from the date of entry of this Order and every six months thereafter until his criminal case is resolved. The Court cautions Plaintiff that if he fails to comply with this Order, the Court may dismiss his case.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE